Filed 5/24/21  P. v. Hopkins CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C092027 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19CF02691, 19CF02339) |
| v. | |
| JOHN DOUGLAS HOPKINS, | |
| Defendant and Appellant. | |

Defendant John Douglas Hopkins pleaded guilty to failure to appear on his own recognizance and first degree burglary, and he admitted an out-of-custody enhancement. On appeal, he relies on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 to contend the trial court violated his constitutional rights to due process and equal protection and to be free from excessive fines by imposing various fees, fines, and assessments without first determining his ability to pay.  To the extent he failed to object to the financial obligations when imposed, he argues his counsel was constitutionally ineffective.

1

We reject the *Dueñas* challenge and derivative ineffective assistance claim and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In case No. 19CF02339 (No. 2339), defendant's probation officer reported that defendant failed to appear for a court hearing in another pending criminal case, and a bench warrant was issued for his arrest. Defendant was charged with failure to appear on his own recognizance (Pen. Code, § 1320, subd. (b)),[1] and it was alleged that he was out of custody within the meaning of section 12022.1 at the time of the offense.

In case No. 19CF02691 (No. 2691), the probation officer reported that defendant walked near the window of a residence, proceeded to the front porch, and attempted to open the front door of the home. Approximately one month later, he entered another residence and attempted to remove several electronic items. He was charged with first degree burglary (§ 459; count 1) and misdemeanor prowling (§ 647, subd. (h); count 2). As to count 1, it was further alleged that defendant was out of custody within the meaning of section 12022.1 at the time of the offense and that he had served a prior prison term within the meaning of section 667.5, subdivision (b).

Defendant pleaded guilty to failure to appear on his own recognizance in No. 2339 and to first degree burglary in No. 2691, and he admitted the section 12022.1 allegation in No. 2691. In exchange, the remaining charges and allegations were dismissed, and defendant faced a maximum term of eight years eight months in state prison. On May 27, 2020, the trial court sentenced him to an aggregate term of six years eight months in state prison. The court imposed fees, fines, and assessments without objection, and awarded defendant custody and conduct credits.

Defendant timely appealed.

---

[1] Further undesignated statutory references are to the Penal Code.

## DISCUSSION

For each case, the trial court imposed various fines, fees, and assessments at sentencing that included a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation restitution fine, suspended unless parole was revoked (§ 1202.45), a $30 court facilities assessment (Gov. Code, § 70373), a $40 court operations assessment (§ 1465.8), and a $10 theft fine plus penalties in No. 2691 (§ 1202.5).

Relying primarily on *People v. Dueñas, supra*, 30 Cal.App.5th 1157, defendant argues the imposition of these fees, fines, and assessments without an ability to pay hearing violated his rights to due process and equal protection as well as the Eighth Amendment prohibition against excessive fines. Alternatively, he contends his counsel was ineffective for failing to object on ability to pay grounds. The People contend defendant forfeited his *Dueñas* challenge, and that he cannot show prejudice from his counsel's failure to object below.

Regardless of whether defendant forfeited the issue,[2] we are not persuaded that *Dueñas* was correctly decided. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but found, contrary to *Dueñas*, that the same did not apply for restitution fines under section 1202.4. (*Kopp*, at pp. 95-96.)

---

[2] We need not reach the issue of forfeiture; because defendant raises an ineffective assistance claim, we would exercise our discretion to address the issue on the merits even if the issue were forfeited. (See *People v. Riel* (2000) 22 Cal.4th 1153, 1192.)

3

In the meantime, we join those authorities that have concluded the principles of due process do not require a determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069 (*Aviles*); *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

Having done so, we reject defendant's *Dueñas* challenge to the above-referenced fines, fees, and assessments and the derivative claim of ineffective assistance of counsel. (*People v. Kipp* (1998) 18 Cal.4th 349, 377 [failure to assert a meritless defense does not demonstrate ineffective assistance of counsel].)

To the extent imposing potentially unpayable fees or fines on indigent defendants raises constitutional concerns, we agree with the reasoning in *People v. Kopp*, 38 Cal.App.5th at pages 96-97 that such challenges are properly analyzed under the excessive fines clause, which limits the government's power to extract payments as punishment for an offense. (*Aviles, supra*, 39 Cal.App.5th at p. 1069.) But we disagree that defendant's restitution fines in each case of the minimum $300 are excessive.

" 'The Eighth Amendment prohibits the imposition of excessive fines. The word "fine," as used in that provision, has been interpreted to be " 'a payment to a sovereign as punishment for some offense.' " [Citation.]' [Citation.] The determination of whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in [*United States v. Bajakajian* (1998) 524 U.S. 321]. [Citation.]

" 'The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish. [Citations.] . . . [A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.' [Citation.]

"The California Supreme Court has summarized the factors in *Bajakajian* to determine if a fine is excessive in violation of the Eighth Amendment:  '(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay.  [Citations.]' [Citations.]  While ability to pay may be part of the proportionality analysis, it is not the only factor.  [Citation.]"  (*Aviles, supra*, 39 Cal.App.5th at p. 1070.)

We review the excessiveness of a fine challenged under the Eighth Amendment de novo.  (*Aviles, supra*, 39 Cal.App.5th at p. 1072.)  Having done so here, we find the $300 restitution fines imposed here are not grossly disproportional to the gravity of defendant's crimes or culpability.  (See *United States v. Bajakajian, supra*, 524 U.S. 321; *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 728; *Aviles*, at p. 1072.)  Further, ability to pay alone is not dispositive to an excessive fines analysis.  (*Aviles*, at p. 1070.)  This challenge fails.

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:


/s/
Murray, Acting P. J.


/s/
Krause, J.